UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MARTIN J. WALSH, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR<br><br>Petitioner,<br><br>v.<br><br>ADVENTURES INTERNATIONAL, LLC,<br><br>Respondent. | Case No. 2:21-cv-00905-RFB-EJY<br><br>**ORDER** |

**I.      INTRODUCTION**

Before the Court is Petitioner's Motion for Civil Contempt Sanctions (ECF No. 7). For the reasons herein stated, the motion is GRANTED.

**II.     PROCEDURAL HISTORY**

On May 7, 2021, the Secretary petitioned the Court for enforcement of the Wage and Hour Division's December 18, 2020 subpoena to Respondent, after receiving no documents or information from Respondent through informal requests. ECF No. 1. On November 3, 2021, the Court entered a minute order granting the Secretary's petition for enforcement of Wage and Hour's administrative subpoena as to Respondent. ECF No. 6. The Court found that Petitioner established a prima facie case for enforcement of the administrative subpoena "by demonstrating that Congress granted it the authority to investigate, that the Department of Labor followed the necessary procedural requirements for issuing the Subpoena, and that the evidence sought from Respondent is relevant and material to the investigation." Id. The Court accordingly ordered Respondent to

1  "provide any and all records, papers, and documents required to be produced as set forth in the
2  Subpoena issued by the United States Department of Labor, Wage and Hour Division, on
3  December 18, 2020, by November 10, 2021." Id. The Court instructed Respondent that failure to
4  comply with its Order may result in civil and criminal penalties and sanctions. Id.

5  Respondent was subsequently provided a two-week extension of time to comply, until
6  November 22, 2021. ECF No. 7-3. In addition to emailing the Order to Respondent's counsel and
7  his paralegal on November 15, 2021, counsel for Petitioner arranged for the Order to be sent to
8  Respondent's counsel and to Respondent's last known mailing addresses by certified mail.
9  Respondent's counsel received the Order by mail on November 18, 2021. ECF No. 7-2.
10 Respondent did not comply with the Court's order of production of documents. On December 17,
11 2021, Petitioner moved for civil contempt sanctions against Respondent, in light of Respondent's
12 failure to comply with the Court's November 3, 2021 order. ECF No. 7.

### III. LEGAL STANDARD

A district court "has the power to adjudge in civil contempt any person who willfully disobeys a specific and definite order of the court." Gifford v. Heckler, 741 F.2d 263, 265 (9th Cir. 1984). To establish a prima facie case of civil contempt, the moving party must establish by clear and convincing evidence that the defendant (1) violated a court order, (2) beyond substantial compliance, and (3) not based on a good faith and reasonable interpretation of the order. Labor/Cmty. Strategy Ctr. v. Los Angeles County Metro. Transp. Auth., 564 F.3d 1115, 1123 (9th Cir. 2009) (citing In re Dual-Deck Video Cassette Recorder Antitrust Litig., 10 F.3d 693, 695 (9th Cir. 1993)). "The contempt 'need not be willful' and there is no good faith exception to the requirement of obedience of a court order." Dual-Deck, 10 F.3d at 695 (citing In re Crystal Palace Gambling Hall, Inc., 817 F.2d 1361, 1363 (9th Cir. 1987)). Once the moving party establishes a prima facie case of contempt, the defendant bears the burden of showing "categorically and in detail" why he is unable to comply. N.L.R.B. v. Trans Ocean Export Packing, Inc., 473 F.2d 612, 616 (9th Cir. 1973).

### IV. DISCUSSION

Petitioner moves for the imposition of civil contempt sanctions, on the basis that Respondent has ignored the Court's Order by refusing to produce any records or information specified in Wage and Hour Division's December 18, 2020 administrative subpoena. Petitioner requests a per diem sanction of $200 per day if Respondent does not comply with the Court's order within seven calendar days of the date the Court rules on the instant petition. Petitioner also requests equitable tolling of the FLSA's statute of limitations, from December 31, 2020 until thirty days after the date that Petitioner informs the Court that Respondent produced the subpoenaed documents.

The Court finds that the imposition of civil contempt sanctions is appropriate in this case. To date, Respondent has not complied with the Court's November 3, 2021 Order, and Respondent has not provided any explanation of how its non-compliance is in good faith or a reasonable interpretation of the Court's order. Labor/Cmty. Strategy Ctr., 564 F.3d at 1123. The Court further finds that equitable tolling of the FLSA statute of limitations is appropriate. District courts have equitably tolled statutes of limitations when an employer interferes with a Wage and Hour investigation, including by failing to respond to an administrative subpoena. See, e.g., Perez v. Abbas, No. 5:13-CV04208-EJD, 2015 WL 2250436, at *11 (N.D. Cal. May 13, 2015) (tolling the FLSA's statute of limitation when the employer instructed employees not to provide any information to the Department of Labor in its investigation of the employer); Harris v. Subcontracting Concepts, LLC, No. CIV. 1:12-MC-82 DNH, 2013 WL 951336 (N.D.N.Y. Mar. 11, 2013), aff'd, 656 Fed. Appx. 25 (2d Cir. 2014) (denying an employer's motion for reconsideration of an order enforcing a subpoena and tolling the FLSA's statute of limitations). The record in this case reveals that beginning in July 2020, Petitioner attempted to obtain documents from Respondent through both formal and informal methods, including by directly contacting Respondent's counsel and by petitioning this Court. The Court finds that if the FLSA's statute of limitations is not tolled, the Wage and Hour Division will be harmed by the running of the limitations period while its investigation is stalled by Respondent's non-compliance.

## V. CONCLUSION

**IT IS THEREFORE ORDERED** that Respondent shall have until September 23, 2022 to comply with the Court's Order at ECF No. 6. Failure to comply will result in a finding that Respondent is in contempt of the Court's Order, and shall result in the imposition of a per diem sanction of $200 per day for every day that Respondent fails to comply.

**IT IS FURTHER ORDERED** that the FLSA statute of limitations is equitably tolled from December 31, 2020 until thirty days after the date that Petitioner informs the Court that Respondent has produced the subpoenaed documents.

**DATED:** September 15, 2022

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**