# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JULIE A. SUE, ACTING SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR,[1] <br><br> Plaintiff, <br><br> v. <br><br> ADVENTURES INTERNATIONAL, LLC, <br><br> Defendant. | Case No. 2:21-cv-00905 <br><br> **ORDER** |

Before the Court is the Petitioner Secretary of Labor's Motion for Civil Contempt Sanctions (ECF No. 12). For the reasons stated below, the motion is granted.

**I.   PROCEEDINGAL HISTORY**

On May 7, 2021, the Secretary petitioned the Court for enforcement of the Wage and Hour Division's December 18, 2020, subpoena to Respondent Adventures International, LLC, after receiving no documents or information from Respondent through informal requests. ECF No. 1. On November 3, 2021, the Court entered a minute order granting the Secretary's petition for enforcement of Wage and Hour's administrative subpoena as to Respondent. ECF No. 6. The Court found that the Secretary established a *prima facie* case for enforcement of the administrative subpoena "by demonstrating that Congress granted it the authority to investigate, that the Department of Labor followed the necessary procedural requirements for issuing the

---

[1] The Court notes from the Secretary's filings that Acting Secretary Julie A. Sue has been automatically substituted for the former Secretary of Labor Martin J. Walsh. The Court will order the caption updated accordingly. Within this Order, both the Secretary and Acting Secretary will be referred to as the Secretary of Labor or the Secretary.

Subpoena, and that the evidence sought from Respondent is relevant and material to the investigation." Id. The Court accordingly ordered Respondent to "provide any and all records, papers, and documents required to be produced as set forth in the Subpoena issued by the United States Department of Labor, Wage and Hour Division, on December 18, 2020, by November 10, 2021." Id. The Court instructed Respondent that failure to comply with its Order may result in civil and criminal penalties and sanctions. Id.

Respondent was subsequently provided a two-week extension of time to comply, until November 22, 2021. ECF No. 7-3. In addition to emailing the Order to Respondent's counsel and his paralegal on November 15, 2021, counsel for the Secretary arranged for the Order to be sent to Respondent's counsel and to Respondent's last known mailing addresses by certified mail. Respondent's counsel received the Order by mail on November 18, 2021. ECF No. 7-2. Respondent did not comply with the Court's order of production of documents. On December 17, 2021, the Secretary moved for civil contempt sanctions against Respondent for Respondent's failure to comply with the Court's November 3, 2021, Order. ECF No. 7. On September 15, 2022, the Court issued an Order giving Respondent until September 23, 2022, to comply with the Court's Order granting the enforcement of the Secretary's petition (ECF No. 6) and instituting a per diem sanction of $200 per day for failure to comply. ECF No. 8. The case was closed. Id.

On February 23, 2023, the Secretary filed a Motion to Reopen the Docket representing that Respondent had failed to comply with this Court's prior orders. ECF No. 9. On March 10, 2023, the Secretary filed a separate Notice indicating that the Motion to Reopen was unopposed and representing that Respondent continued to defy the Court's prior orders. ECF No. 10. On March 13, 2023, the Court ordered the matter reopened. ECF No. 11. On March 15, 2023, the Secretary filed a Motion for Sanctions against Magdy Amer, the sole owner and manager of Respondent Adventures International, LLC, for failure to comply with the Court's prior orders. ECF No. 12. Petitioner further requests the Court order Mr. Amer to personally appear for a status conference to state his plan for complying with the subpoena. Id. On April 11, 2023, the filed a notice that Respondent had again failed to respond to Petitioner's motion. ECF No. 13. On January 18, 2024, the Court instructed Petitioner to indicate whether it still sought sanctions.

ECF No. 14. Petitioner filed a Status Report answering in the affirmative. ECF No. 15. The Court's order follows.

## II.  LEGAL STANDARDS

A district court "has the power to adjudge in civil contempt any person who willfully disobeys a specific and definite order of the court." Gifford v. Heckler, 741 F.2d 263, 265 (9th Cir. 1984). To establish a *prima facie* case of civil contempt, the moving party must establish by clear and convincing evidence that the defendant (1) violated a court order, (2) beyond substantial compliance, and (3) not based on a good faith and reasonable interpretation of the order. Labor/Cmty. Strategy Ctr. v. Los Angeles County Metro. Transp. Auth., 564 F.3d 1115, 1123 (9th Cir. 2009) (citing In re Dual-Deck Video Cassette Recorder Antitrust Litig., 10 F.3d 693, 695 (9th Cir. 1993)). "The contempt 'need not be willful' and there is no good faith exception to the requirement of obedience of a court order." Dual-Deck, 10 F.3d at 695 (citing In re Crystal Palace Gambling Hall, Inc., 817 F.2d 1361, 1363 (9th Cir. 1987)). Once the moving party establishes a *prima facie* case of contempt, the defendant bears the burden of showing "categorically and in detail" why he is unable to comply. N.L.R.B. v. Trans Ocean Export Packing, Inc., 473 F.2d 612, 616 (9th Cir. 1973).

## III.  DISCUSSION

### A.  Civil Contempt

The Court has inherent authority to enforce compliance with its orders through a civil contempt proceeding. Int'l Union, UMWA v. Bagwell, 512 U.S. 821, 827-28 (1994). The Secretary of Labor moves for the impositions of civil sanctions on the basis that Respondent Adventures International, LLC, failed to comply with the Court's September 15, 2022, Order on the Secretary's prior motion for sanctions.

The Court finds Respondent in civil contempt. A finding of civil contempt must be supported by clear and convincing evidence that the offending party violated a specific and definite order of the court "beyond substantial compliance" and without "a good faith and reasonable interpretation of the order." In re Dual-Deck Video Cassette Recorder Antitrust Litig.,

10 F.3d at 695. The Secretary argues Respondent has "completely ignored" the Court's November 3, 2021, Minute Order and the Court's subsequent September 15, 2022, Order by refusing to produce the records and information specified in the administrative subpoena.

The Secretary argues that Respondent's nonresponse to the Court's orders is not based on a good faith and reasonable interpretation because the September 15th Order included a clear warning that a failure to comply with that order may result in sanctions. The Court agrees and finds this sufficient, alongside the absence of any evidence of compliance, to establish by clear and convincing evidence that Respondent has violated the express terms of the November 3d Minute Order and September 15th Order.

Further, the Court finds additional evidence beyond that expressly argued by the Secretary, supports this conclusion. The Court's September 15th Order made it manifest that a continuing failure to comply with the administrative subpoena without providing an explanation to the Court is a violation of the Court's order. In addition, the Court finds credible the exhibit attached to the Secretary's instant motion, which purports to be a September 23, 2022, letter from Brandon L. Phillips, Esq., representing that Mr. Phillips is counsel for Respondent, is aware of this matter, that he has reviewed the Court's prior order requiring Respondent to turn over documents. Further, the Court takes judicial notice of the public records of the State Bar of Nevada that attorney Brandon L. Phillips is listed as having multiple disciplinary actions against him. See White v. Martel, 601 F.3d 882, 885 (9th Cir. 2010) (finding judicial notice of "state bar records reflecting disciplinary proceedings" appropriate for judicial notice). The Court briefly reviews the most salient aspects of these records. In a January 25, 2019, Letter of Reprimand the State Bar of Nevada details multiple occasions where Mr. Phillips disregarded multiple orders of the Nevada Supreme Court. On August 22, 2023, the Nevada Supreme Court issued an order approving a conditional guilty plea in a disciplinary matter in which Mr. Phillips pleaded guilty to and received suspended sanctions for *inter alia* failing to comply with another court order. Finally, the Court finds from the record the absence of any evidence of compliance with any of the Court's orders my Respondent. In consideration of the above, the Court finds clear and convincing evidence that Respondent has plainly failed to comply with this Court's November

3d Minute Order and September 15th Order.

### B. Sanctions

The Court now turns to the appropriate measure of sanctions. The Secretary requests that, in addition to holding Respondent in Civil Contempt, the Court impose an interim assessment of the previously ordered $200 per diem sanction, an award of the Secretary's reasonable attorney's fees and costs, extend the monetary sanctions incurred by Respondent to Mr. Amer, and order Mr. Amer to appear in person before this Court. The Court considers each sanction requested by the Secretary in turn.

First, the Court finds it appropriate to grant the Secretary's request for an interim assessment of the per diem sanction imposed by the Court's September 15 Order. That Order provided a safe harbor for Respondent to comply until September 23, 2022, or an imposition of a $200 per diem sanction would be imposed. The Court has already found that Respondent has to date failed to comply with the Court's order. The Court will order the payment of $200 for each day from September 24, 2022, to March 30, 2024, inclusive.

Second, the Court finds that an award of reasonable attorney's fees and costs in bringing this motion is appropriate. Chambers v. NASCO, Inc., 501 U.S. 32, 45 (1991) ("[T]he . . . assessment of attorney's fees is undoubtedly within a court's inherent power as well."); Hutto v. Finney, 437 U.S. 678, 689 n.14 (1978) (similar). On such way a court assesses attorney's fees and costs is as part of a sanction for "willful disobedience of a court order." Chambers, 501 U.S. at 45 (citing Alyeska Pipeline Serv. Co. v. Wilderness Soc., 421 U.S. 240, 258 (1975). Based on the record reviewed above, the Court finds Respondent has willfully disobeyed this court's prior orders. Under its discretion to determine "the degree of punishment for contempt," the court imposes attorney's fees and reasonable costs related to litigating the Court's orders. Toledo Scale Co. v. Computing Scale Co., 261 U.S. 399, 428 (1923).

Third, the Court finds holding Mr. Amer in civil contempt and jointly and severally liable with Adventures International, LLC is appropriate. "The law is clear that those who control an organization may be held liable if they fail to take appropriate action to ensure compliance with an injunction." Inst. of Cetacean Rsch. v. Sea Shepherd Conservation Soc'y, 774 F.3d 935, 955

(9th Cir. 2014). Such officers must be aware of the court order. See id. There is no dispute that Mr. Amer is the sole owner and manager of Adventure International, LLC. Further, the Court finds that Mr. Amer was aware of the instant action. There is no evidence that Mr. Amer's purported attorney failed to notify him of the instant action or that he was otherwise unaware. Indeed, the September 23, 2022, letter the Court found credible above indicates that Mr. Phillips requested the Secretary cease communicating with Adventure International, LLC, after the Secretary made a purported direct communication concerning this case. That Mr. Amer may have been acting in good faith reliance of his counsel's advice is inapposite. See id. ("[E]ven if we were to assume, *arguendo*, that the [board members] truly acted in reliance on counsel's advice, that reliance is largely irrelevant. There is 'no basis in law' for a 'good faith exception to the requirement of obedience to a court order.'") (quoting In re Crystal Palace Gambling Hall, Inc., 817 F.3d at 1365).

Finally, the Court finds the Secretary's request for an in person status conference premature. As such, the Court declines to set a status conference at this time.

### IV.   CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Petitioner Secretary of Labor's Motion for Civil Contempt Sanctions (ECF No. 12) is **GRANTED in part and DENIED in part.** The motion is denied as far as it requests a hearing. In all other respects, the motion is granted.

**IT IS FURTHER ORDERED** that Adventures International, LLC, and Magdy Amer are held in civil contempt.

**IT IS FURTHER ORDERED** that Adventures International, LLC, and Magdy Amer are jointly and severally liable an interim assessment of sanctions in the amount of **$110,600**, which will be paid to the Clerk of Court **on or before April 19, 2024**, at noon Pacific Standard Time. Respondent will file proof of payment with the **on or before April 19, 2024.** If Adventures International, LLC, and Magdy Amer are unable to make such a payment, they are **ORDERED** to file a submission **on or before April 17, 2024**, at noon Pacific Standard Time explaining as much and providing an installment schedule for the Court's consideration.

**IT IS FURTHER ORDERED** that Adventures International, LLC, and Magdy Amer

are jointly and severally liable for additional sanctions in the amount of $200 per day from and including March 31, 2024, until proof of compliance with the Court's orders is filed with the Court. Such proof of compliance must be either proof that Respondent has complied with the terms of the administrative subpoena or a submission that provides that Respondent has acted consistent with a good faith and reasonable interpretation of this Court's Orders. The Secretary is given leave to file for further interim assessments of sanctions for each six month period until such proof of compliance is filed with the Court.

**IT IS FURTHER ORDERED** that Adventures International, LLC, and Magdy Amer are jointly and severally liable for the Secretary of Labor's attorney's fees and reasonable costs related to litigation of the Court's orders. The Secretary will submit a motion for costs and fees (itemized) consistent with this Order by **April 26, 2024**.

**IT IS FURTHER ORDERED** that Adventures International, LLC, and Magdy Amer are admonished and warned that **<u>any further failure to comply with this Court's orders may result in further sanctions, including the issuance of an arrest warrant</u>**.

**IT IS FURTHER ORDERED** that **on or before April 8, 2024**, attorney Brandon L. Phillips (State Bar No. 12264) will file a Certificate of Compliance indicating that he has provided a copy of this Order to Mr. Amer. **Mr. Phillips is warned that a failure to comply with this Court's Order may result in sanctions.**

**IT IS FURTHER ORDERED** that the Clerk of Court is instructed to update the caption of this matter to reflect the name of the Acting Secretary of Labor, Julia A. Sue and provide notice to Brandon L. Phillips, PLLC, by both electronic mail and first class postage at the addresses provided in Exhibit C of the Motion for Sanctions (ECF No. 12-1, at 9).

**DATED:** March 31, 2024.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**